## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49939

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>ROBBY L. WASHINGTON,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      **Filed:  September 30, 2024**

      **Melanie Gagnepain, Clerk**

      **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Andrea Courtney, District Judge.

Judgment of conviction and suspended, unified sentence of six years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed.</u>

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

    Robby L. Washington was found guilty of possession of a controlled substance, Idaho Code § 37-2732(c)(1).[1]  Pursuant to a judgment of conviction, the district court imposed a sentence of

---

[1]    Washington was also found guilty of misdemeanor possession of paraphernalia, I.C. § 37-2734A(1), but he does not challenge that judgment of conviction or sentence on appeal.

1

six years, with a minimum period of confinement of two years.[2]  The district court suspended the sentence and placed Washington on probation.  Washington appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Washington's judgment of conviction and sentence are affirmed.

---

[2]  Pursuant to a post-conviction order, an amended judgment of conviction was entered.  The amended judgment allowed for an appeal, despite the failure of previous counsel to file a timely appeal.  The next day, a judgment after retained jurisdiction was entered with the only substantive difference being that the period of probation increased from three years to three and one-half years.  Washington served a period of retained jurisdiction after originally being placed on probation.  The amended notice of appeal indicates that Washington is appealing from both judgments but he makes no separate argument; therefore, this Court will only address the briefed issue, which is Washington's underlying sentence for possession of a controlled substance.